UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| BRUCE COLEMAN,<br><br>                Plaintiff,<br><br>    v.<br><br>AMERICAN COMMERCE INSURANCE COMPANY,<br><br>                Defendant. | CASE NO. C16-5096 BHS<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO REMAND FOR LACK OF SUBJECT MATTER JURISDICTION |

This matter comes before the Court on Plaintiff Bruce Coleman's ("Coleman") motion to remand for lack of subject matter jurisdiction (Dkt. 7). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants the motion for the reasons stated herein.

**I. PROCEDURAL HISTORY AND FACTUAL BACKGROUND**

On July 14, 2010, Coleman allegedly suffered injuries in a car accident that eventually required him to have shoulder surgery. Dkt. 1-4 at 3.

In January 2012, Coleman filed a claim to recover his medical costs from his car insurance provider, Defendant American Commerce Insurance Company ("American Commerce"). *See id.* at 3–4. Initially, American Commerce denied Coleman's claim for

his medical costs. *Id.* Coleman contends this denial delayed his shoulder surgery, but American Commerce eventually approved Coleman's claim. *Id.* at 4.

On November 8, 2011, Coleman had shoulder surgery. *Id.* On March 6, 2013, more than 14 months after Coleman's claim request, American Commerce paid Coleman $8,361.37 for his medical costs. *Id.* Coleman contends American Commerce delayed payment because it failed to either investigate within the WAC 284-30-380 deadlines, or follow certain procedures if it could not investigate within those deadlines. *Id.* at 4.

On January 14, 2016, Coleman sued American Commerce in Superior Court of Washington for Clark County alleging four claims: 1) breach of good faith; 2) violation of the Consumer Protection Act ("CPA"); 3) violation of the Insurance Fair Conduct Act ("IFCA"); and 4) breach of fiduciary duty. *Id.* at 4. For these claims, Coleman seeks compensatory, punitive, ancillary, and coercive remedies including but not limited to costs and expenses, exemplary damages, attorneys' fees, prejudgment interest, and injunctive relief. *Id.* at 6. In addition, Coleman seeks any other compensatory remedies or exemplary damages that the jury finds just. *Id.* Lastly, Coleman seeks to treble his damages. *Id.*

On February 8, 2016, American Commerce removed the suit to this Court based on diversity jurisdiction. Dkt. 1. According to American Commerce's notice of removal, Coleman is a Washington citizen and American Commerce is a resident of, and is incorporated in, Massachusetts. *Id.* at 2; Dkt. 1-1 at 1. On March 8, 2016, Coleman filed a motion to remand to state court. Dkt. 7. On March 28, 2016, American Commerce responded. Dkt. 9. Coleman did not reply.

ORDER - 2

## II. DISCUSSION

**A.     Removal Standard**

28 U.S.C. § 1441(a) allows a defendant to remove a case from state court to district court if the district court would have original jurisdiction over the case. In such a case, the defendant must file a notice of removal "containing a short and plain statement of the grounds for removal . . . ." 28 U.S.C. § 1446(a). However, pursuant to 28 U.S.C. § 1447(c), the Court must remand any case that it lacks subject matter jurisdiction over. The Court strictly construes "the removal statute against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). This strong presumption requires the defendant to always show removal to the district court was proper. *Id.* The Court must reject federal jurisdiction if it doubts the defendant's right of removal jurisdiction. *Id.*

**B.     Diversity Jurisdiction**

Under § 1332(a)(1), a district court has diversity jurisdiction when the parties are citizens of different states and the amount in controversy exceeds $75,000 excluding interest and costs. Thus, American Commerce must show the parties are diverse and the amount in controversy exceeds $75,000. The parties only dispute whether the amount in controversy exceeds the jurisdictional threshold. Dkt. 7 at 1; Dkt. 9 at 1.[1]

---

[1] Although neither party disputes whether the parties are diverse, Federal Rule of Civil Procedure 12(h)(3) allows the Court to "raise the question of subject matter jurisdiction, *sua sponte*, at any time during the pendency of the action . . . ." *Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002). "Diversity jurisdiction requires complete diversity between the parties . . . ." *In re Digimarc Corp. Derivative Litig.*, 549 F.3d 1223, 1234 (9th Cir. 2008). A party's residence is insufficient to establish that party's citizenship. *Kanter v. Warner-Lambert Co.*, 265 F.3d 854, 857 (9th Cir. 2001). "[A] corporation shall be deemed to be a citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business

1    When the complaint does not disclose the amount in controversy, the removing
2 defendant must show, by a preponderance of the evidence, the amount meets the
3 jurisdictional requirement. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th
4 Cir. 1996). Initially, the Court reviews the complaint to determine the amount in
5 controversy. *Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015).
6 In addition, the Court may consider any evidence submitted by the parties "including
7 affidavits or declarations, or other [relevant] summary-judgment-type evidence." *Id.*
8 (citing *Singer v. State Farm Mut. Auto. Ins. Co.,* 116 F.3d 373, 377 (9th Cir. 1997)).

9    In attempting to satisfy this burden, the defendant cannot show the amount in
10 controversy is met "by mere speculation and conjecture, with unreasonable assumptions."
11 *Id.* Further, a defendant's "[c]onclusory allegations as to the amount in controversy are
12 insufficient." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090–91 (9th
13 Cir. 2003). Instead, the defendant must prove that the amount in controversy "more likely
14 than not" exceeds the jurisdictional threshold. *Guglielmino v. McKee Foods Corp.*, 506
15 F.3d 696, 699 (9th Cir. 2007)*.* The amount in controversy includes attorneys' fees
16 authorized by statute or contract, *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th
17 Cir. 1998), and punitive damages, *see Bell v. Preferred Life Assur. Soc. of Montgomery,*
18 *Ala.*, 320 U.S. 238, 240 (1943).

---

. . . ." 28 U.S.C. § 1332 (c)(1). Here, although American Commerce asserts it is incorporated in Massachusetts, it omits its principal place of business. Dkt. 1 at 2. Thus, American Commerce failed to conclusively show that the parties are citizens of different states.

In alleging that the amount in controversy is greater than $75,000, American Commerce relies only on Coleman's complaint, without submitting any additional evidence.[2] Dkt. 9 at 1. Thus, to determine whether American Commerce satisfied its burden to show that the amount in controversy exceeds the threshold, the Court only looks to Coleman's complaint. Like many complaints, Coleman's complaint is silent on the amount of damages sought. Instead, in the complaint's "Relief Sought" section, Coleman seeks the following remedies: 1) "all compensatory and exemplary damages for any injury, harm, economic and non-economic damages or losses"; 2) "treble damages, attorney[s'] fees, costs, expenses . . . and other compensatory or exemplary damages the jury feels is just"; 3) an injunction prohibiting similar wrongful conduct; and 4) "such other relief as the Court or jury may deem appropriate . . . ." *Id.* at 6–7. Coleman seeks these remedies because American Commerce allegedly breached its duty of good faith and fiduciary duty, and violated the CPA and the IFCA. *Id.* at 4.

The IFCA allows a first-party claimant who prevails to recover treble damages and attorneys' fees. RCW 48.30.015(1)-(3). The CPA allows a party who prevails to recover the same. RCW 19.86.090. As a result, Coleman may recover treble damages and his attorneys' fees. In addition, Coleman may recover all non-economic damages for his

---

[2] Although American Commerce had sufficient time to submit any additional evidence when it filed its response to Coleman's motion to remand, it failed to do so. Thus, the Court is satisfied that American Commerce had an opportunity to present any additional proof relevant to the amount in controversy. *See Ibarra*, 775 F.3d at 1200 n.5 (noting that "[t]he district court may hold such further proceedings as it thinks appropriate to permit the parties to submit their evidence and arguments for and against propriety of removal").

breach of good faith claim. *Anderson v. State Farm Mut. Ins. Co.*, 101 Wn. App. 323, 333 (2000). Likewise, American Commerce contends it is reasonable to conclude that Coleman may seek pain and suffering for allegedly delaying his shoulder surgery. Dkt. 9 at 5. Taking into account all these damages, American Commerce asserts the amount in controversy exceeds the jurisdictional threshold. *Id.* at 5–6.

Although the CPA and IFCA allow treble damages for some of Coleman's claims, the complaint does not disclose facts that show the amount of the underlying damages.[3] For instance, the complaint does not state what, if any, pain and suffering Coleman sustained due to allegedly delaying his shoulder surgery. Nor does the complaint disclose whether the injury worsened as a result of the delay, or if Coleman missed any work due to the delay. Thus, the Court rejects American Commerce's argument that the complaint alone shows the amount in controversy exceeds the jurisdictional threshold. Because the complaint alone does not show the amount in controversy, American Commerce must show its estimated amount relied on reasonable assumptions.

However, American Commerce did not provide any additional evidence that the amount in controversy was met. For example, American Commerce failed to submit any evidence showing the amount of attorneys' fees, and it ignored Coleman's injunction remedy in its response without asserting its potential damage value. Instead, American Commerce mistakenly relied on mostly conclusory allegations that the amount in

---

[3] Coleman implies it will seek interest damages because American Commerce allegedly delayed paying $8,361.37 over a 14-month period. *See* Dkt. 3 at 3–4. American Commerce concedes this amount alone does not exceed $75,000. Dkt. 9 at 4.

controversy exceeds the jurisdictional threshold. *Matheson*, 319 F.3d at 1090–91. Accordingly, the complaint is unclear and does not disclose the amount in controversy, and American Commerce attempted to unreasonably speculate this amount. In summary, American Commerce failed to show that the Court has diversity jurisdiction because it failed to show, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional requirement.[4] Therefore, because the Court lacks subject matter jurisdiction under § 1332(a)(1), the Court grants Coleman's motion to remand.[5]

**C.   Attorneys' Fees**

Coleman requests an award of attorneys' fees pursuant to 28 U.S.C. § 1447(c). When the Court remands a case to state court, § 1447(c) allows the Court to award "just costs and any actual expenses, including attorney fees, incurred as a result of the

---

[4] Instead of remanding to state court, American Commerce requests, in the interest of justice, the Court to implement "some . . . mechanism" to determine if the amount in controversy exceeds $75,000. Dkt. 9 at 9. The Court declines because it must strictly construe the removal statute and American Commerce may conduct discovery in state court to determine the amount in controversy.

[5] The parties further dispute whether the Court should remand the case solely because American Commerce violated LCR 101(b) by failing to file the following documents: 1) the state court's case information cover sheet, 2) its state court filing notice that it removed the case to federal court; and 3) its verification that it included true and complete copies of all state records and proceedings. Dkt. 7 at 7; Dkt. 9 at 6. The Ninth Circuit has emphasized that when a removing party erroneously omits state court documents, a court may allow the removing party to submit those documents. *See W. Chance No. 2, Inc. v. KFC Corp.*, 957 F.2d 1538, 1544 n.3 (9th Cir. 1992). On the other hand, district courts within this district are split on this issue. *Compare Nicholson v. Thrifty Payless, Inc.*, C12-1121RSL, 2012 WL 4320785, at *1 (W.D. Wash. Sept. 20, 2012) (rejecting to remand a case despite the defendant's procedural defect because defendant easily cured defect without impacting the court's ability to adjudicate the case) *with, Stanphill v. State Farm Mutual Automobile Ins. Co.*, C09–0235JCC, at *4–5 (W.D. Wash. June 26, 2009) (concluding that the court could remand a case solely because the defendant omitted the case information cover sheet). In any event, remanding this case will allow American Commerce to correct any procedural defects if it removes the case again.

removal." "Absent unusual circumstances, courts may award attorney[s'] fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). In contrast, when the party had an objectively reasonable basis, a court should deny the award. *Id.*

Here, American Commerce had an objectively reasonable basis for removal because Coleman sought numerous remedies where the CPA and the IFCA authorized attorneys' fees and treble damages. Thus, the Court denies Coleman's request to award attorneys' fees.

### III. ORDER

Therefore, it is hereby **ORDERED** that Coleman's motion to remand (Dkt. 7) is **GRANTED**. The Clerk is directed to **REMAND** this case to Superior Court of Washington for Clark County.

Dated this 5th day of May, 2016.

_____
BENJAMIN H. SETTLE
United States District Judge